UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: Motion of Burlodge Limited for Reconsideration of the Court's April 28, 2009 Memorandum Opinion<br><br>BURLODGE LIMITED,<br><br>*Petitioner*,<br><br>v.<br><br>STANDEX INTERNATIONAL CORP. and DEPARTMENT OF VETERANS AFFAIRS,<br><br>*Respondents*. | Misc. Action No. 08-525 (CKK/JMF) |

**MEMORANDUM OPINION**

Currently before the Court is Burlodge Limited's Motion for Reconsideration, which was filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. <u>Motion of Burlodge Limited for Reconsideration of the Court's April 28, 2009 Memorandum Opinion Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure</u> [#18]. The Motion for Reconsideration seeks an amendment of the Court's April 28, 2009 Memorandum Opinion, which denied Burlodge Limited's Motion to Compel the Department of Veterans Affairs' compliance with its subpoena.

In this Opinion I conclude that the information Burlodge seeks insofar as it pertains to damages is irrelevant to the motion for summary judgment that is pending in Tennessee. While information as to the actual use of the carts might be relevant to that motion, the burden to the United States of producing the information overwhelms Burlodge's need for it particularly when there is a substantial possibility that Standex can never be sued for infringement based on the United States' use of the carts.

### I.    BACKGROUND.

The defendant and counter-plaintiff, Burlodge Limited ("Burlodge"), manufactures and sells "retherm carts," products which customers use to practice Burlodge's patented method of preparing and dispensing food. <u>Motion of Burlodge Limited for an Order Compelling the Department of Veterans Affairs to Comply with Subpoena</u> [#1] ("Mot. to Comp.") at 2. The plaintiff and counter-defendant, Standex International Corporation ("Standex"), also manufactures and sells retherm carts. Unlike Burlodge, however, Standex cannot "grant its customers the right to use the retherm carts to practice the patented method" because Burlodge owns the exclusive rights to the patent. <u>Id.</u>

Burlodge has filed a counterclaim against Standex, alleging contributory infringement of its patent.[1] Burlodge served a subpoena upon the Department of Veterans Affairs ("DVA"), a third-party which Burlodge claims purchased retherm carts from Standex to practice Burlodge's patented method. Although Burlodge has not filed suit against the DVA, Burlodge claims that it needs the subpoenaed information to prove the element of "direct infringement" in its suit against Standex.[2] Burlodge's Motion to Compel the DVA's compliance with its subpoena and Burlodge's subsequent Motion for Reconsideration form the basis of the dispute in this case. <u>Id.</u>

In its Motion to Compel the DVA's compliance, Burlodge discussed in detail the

---

[1] Standex originally filed this suit seeking a judicial declaration that it "does not infringe the patent owned by Burlodge []." <u>Id.</u> at 3. Subsequently, Burlodge filed its counterclaim against Standex. <u>Id.</u> The underlying matter is pending before the U.S. District Court for the Middle District of Tennessee. <u>Memorandum Opinion</u> [#16] ("Op.") at 1.

[2] <u>Id.</u> at 4. In order to prove contributory infringement, Burlodge must prove that there was a direct infringement by a third-party (the DVA). <u>Aro Mfg. Co. v. Convertible Top Replacement Co.</u>, 377 U.S. 476, 482 (1964) ("for it is well settled that if there is no direct infringement of a patent there can be no contributory infringement").

purported relevance of its requests.[3]  Not once during this discussion, however, did Burlodge assert that any of the requested information was relevant to the issue of damages.  Burlodge explained that it sought the information from the DVA rather than from Standex because "[u]nfortunately, Standex would not provide details as to how the DVA facilities use / used these Standex manufactured retherm carts."  Id. at 2.

Subsequently, this Court denied Burlodge's Motion to Compel.  Order Denying Motion to Compel [#15] ("Order") at 1.  First, the Court reasoned, most of the discovery sought is "obtainable from some other source that is more convenient, less burdensome, or less expensive."  Op. at 11.  Burlodge appeared to ignore the availability of "resources and remedies . . . under the Federal Rules of Civil Procedure to compel Standex to produce relevant information in the discovery process."  Id. at 13.  Second, the discovery sought concerning Standex's profits and revenues is "irrelevant" to Burlodge's "central inquiry."[4]  Moreover, the Court explained "patent laws do not concern themselves with the infringer's profits . . . but rather with the patent holder's damages . . . ."  Id. at 12.

---

[3] Burlodge explained that the sought information is relevant to the underlying suit because it relates "to the food dispensation cycle and methods which are at the center of the patent infringement action . . . to the purchase of Unitron systems sold by Standex to the DVA as well as the methods employed by the DVA in producing and dispensing food . . . [and] to inspection of the Unitron equipment at issue in the patent infringement action and how the [] equipment is used in the entire dispensation cycle."  Id.

[4] Id. at 12.  Burlodge asserted that the discovery it sought from the DVA was for the purposes of learning "who purchased the retherm carts from Standex, and whether the retherm carts were used to practice Burlodge's patented method of dispensing food."  Mot. to Comp. at 2.

## II.     SUMMARY OF THE ARGUMENTS.

**A.     Burlodge's Arguments in Support of its Motion.**

Burlodge argues that the Court should grant its Motion for Reconsideration because the Court erred in stating that "patent laws do not concern themselves with the infringer's profits from the infringement, but rather with the patent holder's damages." <u>Burlodge Limited's Memorandum in Support of Motion for Reconsideration of the Court's April 28, 2009 Memorandum Opinion Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure</u> [#18] ("Supp. Mem.") at 1. Therefore, Burlodge argues, the Court also erred in determining that information concerning the DVA's profits and revenues was irrelevant, as it pertains to the calculation of damages. <u>Id.</u> at 6-9. In support of this argument, Burlodge cites Federal Rule of Civil Procedure 26(b), which permits broad discovery of any non-privileged, relevant matter that could reasonably lead to discoverable information. <u>Burlodge Limited's Reply to the United States' Opposition to Burlodge's Motion for Reconsideration of the Court's April 28, 2009 Order</u> [#20] ("Reply") at 4 (citing Fed. R. Civ. P. 26(b)).

Burlodge also argues that the sought information is not available from a less burdensome source because Standex "has admittedly destroyed or otherwise failed to retain documents . . . when the Standex USECO facilities went out of business." Supp. Mem. at 10.

**B.     The United States' Arguments in Opposition to Burlodge's Motion.**

First, the United States argues that Burlodge has waived its right to argue that the DVA's profits and revenues are relevant and that the information sought is not obtainable from a less burdensome source because Burlodge failed to raise these issues in its Motion to Compel. <u>United States' Opposition to Burlodge's Motion for Reconsideration of the Court's April 28,</u>

4

2009 Order [#19] ("Opp'n") at 2-3. The United States claims that this information is not "new evidence," but rather the "argument and exhibits . . . were known at the time Burlodge filed its motion to compel." Id. at 5.

Second, the United States argues that even if Burlodge had asserted the relevance of the DVA's profits and revenues, such information would still be undiscoverable. Id. at 3. The United States claims that information related to the DVA's profits and revenues would be discoverable only in an action "against the government alone under 28 U.S.C. § 1498(a)," and not in an action against Standex. Id. at 3-4.

The Government further asserts that Burlodge's Motion should be denied because of the "prematur[ity]" and "disruptive[ness]" of Burlodge's "demand to inspect the DVA premises." Id. at 6. The United States claims that Burlodge "is attempting to engage in a fishing expedition against the government to seek information when it admittedly has no *prima facie* evidence that the government is directly infringing claims of its patent."[5]

### III.   ANALYSIS.

**A.   Standard of Review.**

Burlodge's Motion for Reconsideration "is properly construed as a motion to alter or amend a final judgment pursuant to Federal Rule of Civil Procedure 59(e)."[6] Motions filed

---

[5] Id. at 6. Because the Court pursuant to Burlodge's Motion to Compel does not constitute a report and recommendation, the United States' argument that Burlodge improperly styled its Motion as a Motion for Reconsideration rather than as "Objections to the Magistrate Judge's Proposed Findings and Recommendations" does not warrant discussion. Id. at 1 n.1.

[6] Int'l Painters & Allied Trade Indus. Pension Fund v. Design Tech., 254 F.R.D. 13, 17 (D.D.C. 2008). The Court 's Order denying Burlodge's Motion to Compel was entered on April 28, 2009. Order at 1. Burlodge filed its Motion for Reconsideration on May 12, 2009. Supp. Mem. at 13. Excluding "intermediate Saturdays [and] Sundays," Burlodge's motion was filed

under Rule 59(e) are generally "disfavored" and are "granted only when the moving party establishes extraordinary circumstances." Int'l Painters, 254 F.R.D. at 18 (quoting Niedermeier v. Office of Baucus, 153 F. Supp. 2d 23, 28 (D.D.C. 2001)). District courts have considerable discretion to grant or deny Rule 59 motions; such motions "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." Id. (citing Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam) (internal quotations omitted)); see Black v. Tomlinson, 235 F.R.D. 532, 533 (D.D.C. 2006). Further, motions for reconsideration may be granted when "there were facts or legal issues properly presented but overlooked by the court in its decision." Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc., 246 F. Supp. 2d 394, 398-99 (E.D. Pa. 2002). Thus, Rule 59(e) motions to alter or amend a judgment are "not routinely granted." Harvey v. District of Columbia, 949 F. Supp. 878, 879 (D.D.C. 1996).

**B.      The Court need not amend its order to correct clear error.**

A Rule 59(e) motion to alter or amend a judgment may be granted "to permit the court to correct errors of fact appearing on the face of the record, or errors of law." Andreen v. Lanier, 582 F. Supp. 2d 48, 50 (D.D.C. 2008) (quoting Indep. Petroleum Ass'n of Am. v. Babbitt, 178 F.R.D. 323, 324 (D.D.C. 1998)). To persuade a district court to grant its motion on the basis of clear error, the movant must persuade the court that "an error of law or fact [exists] which compels a change in the court's ruling." Consol. Edison Co. of New York, Inc. v. O'Leary, 184 F.R.D. 1, 2 (D.D.C. 1998), aff'd, 230 F.3d 1379 (Fed. Cir. 2000).

---

within the requisite period of ten days from the date of the order, as required to constitute a Rule 59(e) motion for reconsideration. Fed. R. Civ. P. 6(a)(2) and 59(e).

First, the Court concedes that its statement that "patent laws do not concern themselves with the infringer's profits from the infringement, but rather with the patent holder's damages, i.e. the amount it would have made if the infringement never occurred," did not consider that some courts choose to consider an infringer's profits when calculating a reasonable royalty. Although an infringer's profits and revenues are not relevant to the patentee's ability to prove infringement, they are "one measure" which can be used to calculate damages. See Standard Mfg. Co. v. United States, 42 Fed. Cl. 748, 758-59 (Ct. Fed. Cl. 1999); Brunswick Corp. v. United States, 36 Fed. Cl. 204, 211-12 (Ct. Fed. Cl. 1996) (citing Georgia-Pac. Corp. v. U.S. Plywood Corp., 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970)) (discussing 15 Georgia-Pacific factors courts use to determine reasonable royalty and noting that courts sometimes look at infringer's profits as an additional factor). Both the "profits made by the infringer during the period of infringement" and the "savings to the infringer derived from using the patent without paying a royalty" are factors upon which the calculation of a reasonable royalty may be based. 60 Am. Jur. 2d Patents § 957 (2009); see Philp v. Nock, 84 U.S. 460, 462 (1873) (explaining that when actual damages cannot be calculated, damages must be based on elements which include the "profit made by the defendant and that lost by the plaintiff"); Decca Ltd. v. United States, 640 F.2d 1156, 1167 (Ct. Cl. 1980) (because government takes licenses by eminent domain rather than infringing patents, proper amount of compensation is "reasonable and entire compensation" which can be determined in many ways, including reasonable royalty, determination of government cost savings, and lost profits), cert. denied, 454 U.S. 819 (1981).

As the alleged infringer, evidence of the DVA's profits, to the extent a government agency can be said to have reaped "profits," and cost savings would be relevant, but a finding of

relevance does not end the inquiry. Federal Rule of Civil Procedure 26(b)(2)(C)(iii) states that "the court must limit . . . discovery otherwise allowed by these rules . . . if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." The discovery sought from the DVA would be tremendously burdensome. Even focusing solely on the requests that pertain to profits and losses, Burlodge asks the DVA to identify a 30(b)(6) witness for each of the approximately 40 DVA facilities who can testify as to the costs to prepare, deliver, and dispense a meal as well as information about how costs are billed.

Further, while Burlodge apparently ascribes no significance to the fact that the DVA is a federal government entity, the law takes a contrary position. Title 28 U.S.C. § 1498(a) provides:

> "Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture."

28 U.S.C. § 1498(a). While the provision does not deprive the court of jurisdiction to determine whether the affirmative defense applies, I feel it prudent, given how burdensome this discovery would be, to consider the likelihood that any claim against Standex arising out of the DVA's alleged patent infringement can go forward.

The weight of authority suggests that § 1498(a) is more than simply the government's waiver of sovereign immunity, but also "operates to relieve the contractor entirely from liability of every kind for the infringement of patents in manufacturing anything for the government."

Robishaw Eng'g, Inc. v. United States, 891 F. Supp. 1134, 1140 (E.D. Va. 1995) (quoting Richmond Screw Anchor Co. v. United States, 275 U.S. 331, 343 (1928)); see also Advanced Software Design Corp. v. Fed. Reserve Bank of St. Louis, No. 07-CV-185, 2007 WL 3352365, at *1 (E.D. Mo. Nov. 9, 2007) (dismissing infringement and inducement claims against defendant in connection with certain Federal Reserve banks, but retaining claims that related to private entities); Van Meter v. United States, 47 F.2d 192, 195 (2d Cir. 1931) ("The contractor was held liable for all contributory infringement up until the 1918 amendment. The amendment providing for the entire compensation takes away the right of suit against the contractor).

The purpose of the statute was to "permit the government to purchase goods or services for performance of governmental functions without the threat that the work would not be carried out because its supplier or contractor was enjoined from or feared a suit for infringement of a patent." Windsurfing Int'l v. Ostermann, 534 F. Supp. 581, 587 (S.D.N.Y. 1982); see also Wood v. Atlantic Gulf & Pac. Co., 296 F. 718, 720-21 (S.D. Ala. 1924) (quoting Letter from Acting Secretary of the Navy Franklin D. Roosevelt to Senator Benjamin R. Tillman (Apr. 20, 1918) (proposing an amendment to the predecessor of § 1498 to extend immunity, which at the time covered only direct government action and contributory infringement on the part of third parties, to cover contractors generally)). There cannot be any dispute that the offensive use at issue here was "by" the government; Burlodge is seeking this information specifically for the purpose of proving that the DVA infringed its patents. Thus the typical dispute over whether the entity infringing the patent is doing so for the government is unnecessary here – the entity allegedly using the patent *is* the government. It follows, necessarily, that in order to prevail on its claims, Burlodge has to prove that the government infringed its patents. See Robishaw, 891 F. Supp. at

1144-45 ("[T[he fact that § 1498 provides an exclusive remedy cannot mean that district courts lack jurisdiction over every action in which the government's use of a patented invention is an issue. . . . [C]ourts must carefully distinguish cases in which the government's use of patents and its possession of patent licenses are merely incidental issues, from cases in which such issues are the gravamen of the action."). Though the issue is not squarely before this Court, I find that it is exceedingly likely that Standex will be able to prevail on an affirmative defense of governmental immunity under § 1498, and it would be unduly burdensome to order extensive and intrusive discovery against the DVA until that issue has been litigated in the underlying case.

I have reviewed the motions filed in Tennessee and I appreciate that Standex has not specifically argued in moving for summary judgment that it cannot be sued because of § 1498. Nevertheless, I am confronted with Standex's motion for summary judgment in the Tennessee court and I cannot possibly say at this point that it is frivolous with no hope of success. Furthermore, the discovery sought from the federal agency, pertaining to damages, cannot have any bearing whatsoever on the validity of the summary judgment motion that seeks a determination of liability; in the Tennessee case the question of damages is premature until the motions for summary judgment are resolved. It is settled beyond all question that a court may stay discovery against a party when that party has moved to dismiss and the discovery sought will have no bearing on the resolution of the motion. See Bigelow v. Dep't of Defense, 217 F.3d 875, 878 (D.C. Cir. 2000), cert. denied, 532 U.S. 971 (2001); White v. Fraternal Order of Police, 909 F.2d 512, 517 (D.C. Cir. 1990). Thus, had the underlying case also been before Judge Kollar-Kotelly, she would have acted well within her discretion by staying enforcement of the subpoena as to damages issues until she resolved the motion for summary judgment in the

absence of any showing that the discovery sought by the subpoena was crucial to the resolution of the motion. That the subpoena enforcement is here and the motion for summary judgment is in Tennessee does not make any difference in the application of that principle. Indeed, it would be, in my view, an abuse of discretion to enforce the subpoena before resolution of the motion for summary judgment if the discovery was sought by Burlodge from Standex before Standex's motion was resolved. If that is true of a party opponent, it is *a fortiori* true when the burden of responding to the subpoena falls on a third party, or more particularly, the taxpayers who would have to pay for the discovery Burlodge seeks.

>Rule 61 of the Federal Rules of Civil Procedure provides that:

>>Unless justice requires otherwise, no . . . error by the court . . . is ground for . . . vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do no affect any party's substantial rights.

Fed. R. Civ. P. 61. The doctrine of harmless error holds that, when "in all likelihood, [the error] would not have affected the result" the Court need not disturb its judgment or order. Doe v. Hampton, 566 F.2d 265, 277-78 (D.C. Cir. 1977). "[C]ourts should not upset a decision because of errors . . . that are not material." Ommaya v. Nat'l Inst. of Health, 726 F.2d 827, 830 (D.C. Cir. 1984) (citing Delta Air Lines, Inc. v. Civil Aeronautics Bd., 564 F.2d 592, 598 (D.C. Cir. 1977)). "[E]rror is harmless unless it has a 'substantial and injurious effect.'" Id. (citing Kotteakos v. United States, 328 U.S. 750, 776 (1946)).

>This Court erred by stating that evidence concerning an infringer's profits and revenues is not relevant to the calculation of damages; generally, such evidence is relevant. In-the-case-at-hand, however, evidence of the DVA's profits and revenues is not discoverable. Beyond all

likelihood, the Court would have rendered the same decision–denial of Burlodge's Motion to Compel–in the absence of its error; therefore, the Court's error was harmless.  See United States v. Nicolapolous, 30 F.3d 381, 383-84 (2d Cir. 1994) (finding that a plaintiff's failure to disclose evidence was harmless when the evidence was irrelevant (except as to the defendant's ability to impeach a witness, but the defendant already had sufficient evidence for this purpose)), cert. denied, 513 U.S. 1059 (1994).

**C.     The Court need not amend its order in consideration of "new" evidence.**

District courts may deny Rule 59(e) motions for reconsideration if, in such motions, the movant asserts new arguments and facts which were available to it before the pertinent judgement was rendered.  Taylor v. Dep't of Justice, 268 F. Supp. 2d 34, 35 (D.D.C. 2003); In re Reading Broadcasting, 386 B.R. 562, 567-68 (Bankr. E.D. Pa. 2008).  A "Rule 59(e) motion is not a second opportunity to present argument upon which the Court has already ruled, nor is it a means to bring before the Court theories or arguments that could have been advanced earlier." W.C. & A.N. Miller Co. v. United States, 173 F.R.D. 1, 3 (D.D.C. 1997), aff'd per curiam, No. 99-CV-5010, 1999 WL 414253 (D.C. Cir. 1999); see also Aikens, 956 F. Supp. at 23.

Here, Burlodge has waived its right to assert both the relevance of the discovery it seeks and also the unavailability of the information from a less burdensome source.[7]  Burlodge asserts for the first time in its Motion for Reconsideration that some of the documents it sought from the DVA–including those which Standex would have supplied to its customers who purchased

---

[7]The issues which Burlodge now raises were not "properly presented [in Burlodge's Motion to Compel] but overlooked by the court in its decision."  Supp. Mem. at 3 (citing Blue Mountatin Mushroom Co., 246 F. Supp. 2d at 398-99).  Rather, these issues were not presented at all.

retherm carts–are not available from Standex. Supp. Mem. at 10. Burlodge explains that "Standex [] has admittedly destroyed or otherwise failed to retain documents when the Standex USECO facilities went out of business." Id. This argument, however, is not based upon "new evidence."

"New evidence," as the term is employed in Rule 59(e), constitutes evidence which is "newly discovered or previously unavailable despite the exercise of due diligence." Int'l Painters, 254 F.R.D. at 18-19 (denying a motion for reconsideration when the movant introduced information which was "previously available") (citing Niedermeier, 153 F. Supp. 2d at 29). As the United States correctly argues:

> The argument and exhibits provided to support [Burlodge's] claim were known at the time Burlodge filed its motion to compel and/or before Judge Facciola issued his [order]. Burlodge's motion to compel was filed on August 29, 2008, and it filed its reply brief on October 14, 2008. The exhibits that Burlodge now uses to support this argument predate such filing.

Opp'n at 5. Thus, no *new* information has emerged since the time the Court issued its Order which might compel an amendment.

**D.      The Court need not amend its order to prevent manifest injustice.**

"[C]ourts have not precisely defined what constitutes 'manifest error.'" Int'l Painters, 254 F.R.D. at 19. Still, "the D.C. Circuit has indicated that 'manifest injustice does not exist where, as here, a party could easily have avoided the outcome, but instead elected not to act until after a final order had been entered.'" Id. (quoting Ciralsky v. CIA, 355 F.3d 661, 673 (D.C. Cir. 2004)). The purpose of Rule 59(e) motions is not to allow a movant to assert facts which it could have asserted before an order was rendered. Taylor, 268 F. Supp. 2d at 35. The standard

13

of proving manifest injustice is "a high one." Conway v. A.I. duPont Hospital for Children, No. 04-CV-4862, 2009 WL 1492178, slip op. at *6 (E.D. Pa. May 26, 2009).

As discussed above, Burlodge did not argue that the information was unavailable from less burdensome sources in its Motion to Compel, even though it was aware of the issue. Likewise, Burlodge failed to supplement its Motion to Compel by bringing this issue to the Court's attention before it issued its Order. Burlodge could have "easily [] avoided the outcome," but because Burlodge "elected not to act until after a final order had been entered," this Court does not find the existence of manifest injustice.

## IV.   CONCLUSION.

For the reasons discussed herein, Burlodge's Motion [#18] will be denied. An Order accompanies this Memorandum Opinion.

_____
JOHN M. FACCIOLA
U.S. MAGISTRATE JUDGE